**UNITED STATES of America, Plaintiff,**

**v.**

**John E. BIGLER, Defendant.**

**No. 95–10013–CR.**

United States District Court, S.D. Florida.

Aug. 18, 1995.

Bruce Udolf, Assistant U.S. Attorney, Miami, Florida, for plaintiff.

402

Stephen Bronis, Miami, Florida, for defendant.

## *ORDER DENYING DEFENDANT'S MOTION TO DISMISS*

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Indictment Based Upon the Fact that Title 18, United States Code § 666(a)(2), is Unconstitutional, filed July 27, 1995. The Government filed a response on August 14, 1995.

Defendant is charged with conspiring to violate, and with violating the substantive provisions of 18 U.S.C. § 666(a)(2) ("Section 666"), which makes it a federal offense to corruptly give anything of value to any person, with intent to influence or reward an agent of a local government.

Defendant suggests that Congress, in enacting Section 666, exceeded the scope of its power under article I, § 8 of the Constitution, thus violating the principle of federalism and the tenth amendment to the Constitution.[1]

This Court finds that Congress did not exceed its powers by enacting Section 666. As Defendant notes, Congress is *expressly* authorized to punish only a limited number of crimes.[2] Nonetheless, Congress's "power to create, define and punish crimes and offenses whenever necessary to effectuate the objects of the Federal Government is universally conceded." Congressional Research Service, Library of Congress, *The Constitution of the United States of America: Analysis and Interpretation* 872 (Johnny H. Killian and Leland E. Beck, eds., 1987); *see also* U.S. Const. article I, § 8, cl. 18 ("The Congress shall have Power ... [t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers, and all other Powers vested by the Constitution in the Government of the United States, or in any Department or Officer thereof.").

As several federal courts have recognized, Congress, in enacting Section 666, intended to "safeguard finite federal resources from corruption and to police those with control of federal funds." *U.S. v. Rooney*, 37 F.3d 847, 851 (2d Cir.1994); *United States v. Simas*, 937 F.2d 459, 463 (9th Cir. 1991); *see also* S.Rep. No. 225, 98th Cong., 2d Sess. 369 (1984), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3511 (stating that "the purpose of this section [is] to protect the integrity of the vast sums of money distributed through Federal programs from theft, fraud, and undue influence by bribery."). Article I, § 8 gives Congress the power to "provide for the ... general Welfare." This power, in conjunction with the necessary and proper clause, gives Congress the power to enact Section 666. In doing so, Congress did not violate the principle of federalism, nor did it violate the tenth amendment.

Accordingly, after a careful review of the record, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss Indictment Based Upon the Fact that Title 18, United States Code § 666(a)(2), is Unconstitutional be, and the same is hereby, DENIED.

DONE and ORDERED.

---

1. The tenth amendment states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

2. These include piracies, felonies on the high seas, offenses against the law of nations, treason, and counterfeiting of the securities and current coin of the United States.